Tagged Opinion



**ORDERED in the Southern District of Florida on March 12, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

**The Deli Den, LLC,**

Debtor.
_____/

Case No. 09-32072-BKC-JKO

Chapter 11

**ORDER GRANTING CREDITOR INLAND TOWERS' MOTION FOR DEBTOR TO SURRENDER LEASED PREMISES [DE 59]**

On March 3, 2010, Creditor Inland Towers filed an Emergency Motion For Debtor to Surrender Leased Premises Pursuant to § 365(d)(4). [DE 59]. This motion asks me to order Debtor's immediate surrender of the leasehold [DE 59] relying primarily on the literal language of the statute and case law which supports the lessor's position. Debtor asks me to deny this motion due to a contrary interpretation of 11 U.S.C. § 365(d)(4), which would limit the effect of the lease's rejection to placing the parties "in a position to pursue remedies under the state law." [DE 71]. I conducted

-1-

a hearing on March 10, 2010 and took the matter under advisement. For the reasons stated below, the motion is granted.

*Factual and Procedural Background*

On January 29, 2006, Debtor-Lessee The Deli Den took assignment of the leasehold. [DE 18-1]. The lease, by its own terms, appears to expire on April 1, 2011. [DE 18-1]. On October 13, 2009, Debtor filed its Chapter 11 petition. [DE 1]. As of 120 days following the order for relief, Debtor had neither assumed nor rejected the lease, resulting in its being rejected pursuant to § 365(d)(4). With this rejection in mind, Creditor-Landlord Inland Towers asks for an immediate surrender of the leasehold. [DE 59].

*Analysis*

When applying § 365(d)(4), bankruptcy courts confront a substantial body of case law. Laying the foundation of these holdings is Congress' intent, "to protect lessors from the risk caused by the precarious financial condition of lessee debtors and provide a short time frame for a Debtor-in-Possession to elect either to assume an unexpired non-residential lease or vacate the premises forthwith." *In re Golden Triangle Film Labs*, 176 B.R. 608, 609-10 (Bankr. M.D. Fla. 1994). Additionally, it is widely held that, "the broad equitable powers of bankruptcy judges *all weigh in favor of granting a surrender order to a lessor* who, under the terms of the provision, clearly deserves one." *In re Sok Jun Kong*, 162 B.R. 86, 98 (Bankr. E.D.N.Y. 1993) (emphasis added).

"A majority of courts which have addressed this question have held that § 365(d)(4) prevails over contrary state law, and that a lessor of non-residential property is therefore entitled to immediate possession." *In re Chris-Kay Foods East, Inc.*, 118 B.R. 70, 72 (Bankr. E.D. Mich.

1990). Following this case law, the Ninth Circuit ruled that a rejection under § 365(d)(4) does not require a lessor to pursue remedies in state court to effectuate an immediate surrender of the leasehold. *See In re Elm Inn, Inc.* 942 F.2d 630, 634 (9th Cir. 1991). In summarizing these analyses, the *Elm* Court noted, "the plain language and purpose of section 365(d)(4), the necessarily preemptive force of the Bankruptcy Code, and the broad equitable powers of bankruptcy judges all weigh in favor of granting a surrender order to a lessor who, under the terms of the provision, clearly deserves one." *Id.*

Debtor directs me to a contrary body of case law contending that "the effect of the rejection of a lease pursuant to § 365(d)(4) merely places the creditor in a position to pursue remedies under state law" after obtaining relief from the automatic stay. *In re Williams*, 171 B.R. 420, 421 (Bankr. S.D. Ga. 1994); *see also In re Adams*, 65 B.R. 646, 649 (Bankr. E.D. Pa. 1986); *In re Re-Trac Corp.*, 59 B.R. 251, 258 (Bankr. D. Minn. 1986). These cases are all distinguishable.

The *Williams* Court held that a Chapter 13 debtor can not be ordered to surrender his leasehold because "§ 365(d)(4) directs *the trustee* to surrender leased premises." *Williams*, 171 B.R. 420, 423 (emphasis added). While this may be true, our case involves a Chapter 11 debtor carrying the added responsibility to "perform all of the duties . . . of a trustee." § 1107(a). These combined roles leave a Chapter 11 debtor both in possession of the leasehold and obligated to its surrender under § 365(d)(4).

*Williams* expressed two additional concerns with the *Elm Inn* holding. The first is procedural: a creditor's recovery of property from a debtor must be commenced in an adversary proceeding. *Fed.R.Bankr.P. 7001*. The second is "focused on the broad protection which the

automatic stay provided to debtors" and asserts that the automatic stay prohibits the self-executing language of § 365(d)(4) from literal application. *Williams,* 171 B.R. at 423. In expressing these concerns, *Williams* fails to consider the fundamental principle of statutory construction "that a precisely drawn statute dealing with a specific subject controls over a statute covering a more generalized spectrum." *Golden Triangle Film Labs,* 176 B.R. at 610 (*citing Brown v. General Services Administration*, 425 U.S. 820, 834 (1976)). § 365(d)(4) precisely dictates the effect of automatic rejection and surrender of leased non-residential real property. Neither an adversary proceeding nor relief from the automatic stay are required for the implementation of § 365(d)(4).

It is accordingly **ORDERED** that Creditor-Lessor Inland Towers' Motion for Debtor to Surrender Leased Premises Pursuant to § 365(d)(4) is **GRANTED** and Debtor-Lessee The Deli Den is ordered to surrender the leasehold and vacate the premises not later than 5:00 pm on March 16, 2010.

# # #

Copies to:

Eric N. Assouline
Assouline & Berlowe, P.A.
213 East Sheridan Street, Ste. 3
Dania Beach, FL 33304
Phone: 954.929.1899
Fax: 954.922.6662
ena@assoulineberlowe.com

Matthew J. Militzok
Militzok & Levy, P.A.
3230 Stirling Road, Suite 1
Hollywood, FL 33021
Phone: 954.727.8570
Fax: 954.241.6857
mjm@mllawfl.com

Attorney Assouline is directed to serve copies of this Order and file a certificate of service.